[524]                    VAN ALSTINE *vs.* KITTLE.

Where a plaintiff in *replevin*, on the trial submits to a nonsuit, and the defendant entitled to judgment *de retorno* elects to take judgment for the value of the property, he may have such value assessed by the jury empannelled in the cause, and need not issue a *writ of inquiry* for that purpose.

THIS is an action of replevin, brought against the defendant for property levied on by him as sheriff of Montgomery county, by virtue of several executions against one St. John.   The cause was brought to trial, and after witnesses had been examined on both sides, the plaintiff submitted to a nonsuit and paid the jury.   The defendant being entitled to judgment for a return of the goods, elected to take judgment for the value of the property replevied; and introduced witnesses to prove such value.   This was objected to, but admitted, and the damages were assessed.

The plaintiff now moves to set aside the assessment of such value for irregularity.

*By the Court,* SAVAGE, Ch. J.   The 55th section of the title which treats of the action of replevin, (2 *R. S.* 531, § 55,) declares that whenever the defendant shall be entitled to a return of the property replevied, instead of taking judgment for such return as above provided, he may take judgment for the value of the property replevied; in which case such value shall be assessed by the jury on the trial, or by a writ of inquiry, as the case may require.   It is contended that the value in this case should have been assessed by a writ of inquiry.   The 53d section declares that when the property has been delivered and the defendant recovers judgment by discontinuance or nonsuit, the judgment shall be for a return, unless he shall waive such return according to subsequent provisions; meaning, probably, the 55th and following sections; and also, that he recover damages for detention, which damages shall be assessed by a writ of inquiry.

The 54th section provides that when the defendant is entitled to return, [525] and obtains judgment by default or in any other manner, after having pleaded, he shall be entitled to the like judgment as in the 53d section.   Taking the three sections together, they give the defendant liberty of taking judgment for the value instead of judgment for a return of the goods, and also damages for the detention, in all cases where he is entitled to a return, except where the property replevied had been distrained.   The plaintiff insists, that after a nonsuit there can be no assessment by the jury; that in cases of trial no such assessment can be made, unless the jury render a verdict; and that in all cases where the plaintiff is nonsuited on the trial, a writ of inquiry must be executed for the purpose of assessing the value as well as the damages for the

---

detention. The defendant, on the contrary, contends, that in all cases where a trial takes place and a jury is empannelled, although the plaintiff becomes non-suited, yet the jury must assess the value of the property and the damages. By the 46th section, a plaintiff in replevin is liable to have judgment rendered against him as in case of nonsuit; when, therefore, the legislature connect the judgment by discontinuance with judgment of nonsuit, and direct a writ of in-quiry to issue in such cases, I am inclined to think that their intention was to order a writ of inquiry in the case of *such a nonsuit*, because in such a case a jury could assess the value and the damages in no other way; but whenever a trial should take place, then, whether the result should be a verdict for the de-fendant, or the plaintiff should submit to a nonsuit, the jury sworn to try the cause should assess the value as well as the damages. It is objected that the plaintiff is in such case out of court, and there being no party plaintiff before the jury, the witnesses could not be sworn in the usual form. That objection is not very formidable; the witnesses, I apprehend, may be sworn in the usual man-ner, but if not, there must be an appropriate form of administering an oath in such a case. Such a proceeding is not new : damages were so assessed for the detention before the passage of the Revised Statutes ; and such is the English practice. (2 *Archb. Pr.* 72.) If the plaintiff be nonsuited, the jury are then to inquire of the damages the defendant has sustained. In *Gardner* [526] v. *Hobbs*, (5 *Mod.* 76,) the chief justice said it was every day's practice that if the plaintiff in replevin be nonsuited, the jury shall find damages and costs for the avowant. In *Herbert* v. *Waters*, (1 *Mod.* 118, 119,) the plaintiff in replevin was nonsuited, and the jury did not assess the damages, and the de-fendant moved for a writ of inquiry to supply the defect; the motion was grant-ed, and it was said that though the first jury might have inquired, yet it was only an inquest of office and no part of the issue, and though the jury are dis-charged of the issue, yet they ought to assess damages; yet, if omitted, it might as well be done upon a writ of inquiry afterwards. This adjudication was upon the 43 *Eliz.*, which enacted, " that if after issue tried for defendant, or nonsuit of plaintiff after appearance, the defendant shall recover treble damages, to be assessed by the same jury, or on a writ to inquire of the damages, as the same shall require." Our statute says : " Such value shall be assessed by the jury on the trial, or by a writ of inquiry, as the case may require." The good sense of which is, that if the plaintiff be nonsuited on the trial, or a verdict pass against him so that the defendant is entitled to a return, then the jury on the trial shall assess the value of the goods, as well as the damages for the detention; but if judgment be rendered against the plaintiff by discontinuance or nonsuit with-out a trial by jury, then the value and damages shall be assessed by a writ of inquiry.

The proceedings at the circuit were correct; and the motion must be denied, with costs.